SUZANNE L. MARTIN, ESQ.
Nevada Bar No. 8833
smartin@lrlaw.com
CHRISTIAN ZINN, ESQ.
Nevada Bar No. 9730
czinn@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
(702) 949-8200
(702) 216-6206 (fax)

Attorneys for Defendant Airport Terminal Services, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANITA O'BRIEN, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AIRPORT TERMINAL SERVICES, INC., a foreign corporation; ROES and DOES I-X, inclusive,<br><br>                    Defendants. | **NOTICE OF REMOVAL OF ACTION** |

Defendant, AIRPORT TERMINAL SERVICES, INC. ("ATS"), through its counsel, Lewis and Roca LLP, files this Notice of Removal from the Eighth Judicial District Court for Clark County, Nevada ("State Court"), to this Court for the proceeding entitled "ANITA O'BRIEN, an individual, Plaintiff, v. AIRPORT TERMINAL SERVICES, INC., a foreign corporation; ROES and DOES I-X, inclusive, Defendants," and assigned Case No. A58344 in Department XXIV, in accordance with 28 U.S.C. §§ 1441 and 1446, on the following grounds:

1.      The removing party is the Defendant in the above-styled action.

2.      On or about February 24, 2009, Plaintiff filed this action in the Eighth Judicial District Court for Clark County, Nevada. Plaintiff served ATS with the Complaint on or about March 2, 2009. A copy of all pleadings and papers served and filed in the aforementioned state court action is attached to this Notice of Removal as Exhibit No. A.

///

3.      Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964 codified at § 29 U.S.C. § 2601, *et seq.*

4.      This Court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

5.      Plaintiff's action arises under a law of the United States (i.e., Title VII of the Civil Rights Act of 1964).   Additionally, the Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367.  Thus, removal is proper, as the case is within the Court's original jurisdiction.

6.      This cause became removable on or about March 2, 2009 when Defendant was served with the Complaint.  Thirty days have not yet expired since the action which forms the subject matter thereof became removable to this Court.  Defendant has not filed any pleadings in this matter, or taken any action whatsoever since the cause herein became removable, except to file this Notice of Removal.

7.      Venue is proper in the District of Nevada in that the State Court action is pending within the jurisdictional confines of this District.

WHEREFORE, Defendant requests that further proceedings in the Eighth Judicial District Court for Clark County, Nevada, in Case No. A583444 Dept. XXVI be discontinued, and that this action be removed to the United States District Court for the District of Nevada.

DATED this 1st day of April, 2009.

LEWIS AND ROCA LLP

BY: /s/Suzanne L. Martin
    SUZANNE L. MARTIN, ESQ.
    Nevada Bar No. 8833
    smartin@lrlaw.com
    LEWIS AND ROCA LLP
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, NV 89169
    (702) 949-8200
    (702) 216-6206 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

 I hereby certify that on April 1, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

 Pursuant to Nev. R. Civ. P. 5(b), I hereby further certify that service of **NOTICE OF REMOVAL OF ACTION** was made this date by depositing a copy for mailing, first-class mail, postage prepaid, to the following:

<div align="center">

Sharon L. Nelson, Esq.
Nelson Law
401 N. Buffalo, Suite 210
Las Vegas, Nevada 89145
Attorney for Plaintiff

</div>

 DATED this 1st day of April, 2009.

<div align="center" style="margin-left:40%">

/s/Laura Sliwinski
An Employee of Lewis and Roca LLP

</div>

**EXHIBIT A**

 CT Corporation

**Service of Process
Transmittal**
03/02/2009
CT Log Number 514513740

|||||||||||||||||||||||||||||||||||||||||

TO:     Paul Wappelhorst, Vice President/Finance
Airport Terminal Services, Inc.
111 Westport Plz, Ste. 400
Saint Louis, MO 63146-3014

RE:     **Process Served in Nevada**

FOR:    Airport Terminal Services, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anita O'Brien, etc., Pltf. vs. Airport Terminal Services, Inc. etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand For Jury Trial |
| **COURT/AGENCY:** | District Court, Clark County, Nevada, Clark, NV Case # A583444 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Seeks damages regarding charge file with EEOC on or about December 2008 regarding gender discrimination |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Reno, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/02/2009 at 14:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Sharon L. Nelson 401 N. Buffalo Suite 210 Las Vegas, NV 89145 702-247-4529 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 798088297141 |
| **SIGNED:** | The Corporation Trust Company of Nevada |
| **ADDRESS:** | 6100 Neil Road Suite 500 Reno, NV 89511 |
| **TELEPHONE:** | 775-688-3061 |

Page 1 of 1 / FM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

*2:35*
*3-2-09*

ANITA O'BRIEN, an individual;

         Plaintiff,

vs.

AIRPORT TERMINAL SERVICES, INC. a
foreign corporation; ROES and DOES I-X,
inclusive,

         Defendants.

CASE NO.: A 5 8 3 4 4 4

DEPT NO.: XXIV

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR
BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the
Complaint.

**AIRPORT TERMINAL SERVICES, INC.**
c/o The Corporation Trust Co. of Nevada
6100 Neil Road, Suite 500
Reno, Nevada 89511

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of
service, you must do the following:
    a.  File with the Clerk of this Court, whose address is shown below, a formal written response to the
Complaint in accordance with the rules of the Court.
    b.  Serve a copy of your response upon the attorney whose name and address is shown below.
2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a
judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
property or other relief requested in the Complaint.
3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response
may be filed on time.

Issued at the direction of:

SHARON L. NELSON, ESQ.
Nevada Bar No.  006433
401 N. Buffalo, Suite 210
Las Vegas, Nevada 89145
(702) 247-4529

CLERK OF COURT

By: _____
    Deputy Clerk      Date
    County Courthouse
    200 Lewis Avenue
    Las Vegas, Nevada 89101

1

COPY

FILED

2009 FEB 24  P 4: 59

*[signature]*
CLERK OF THE COURT

1  COMP
   SHARON L. NELSON
2  Nevada Bar No. 006433
3  NELSON LAW
   401 N. Buffalo, Suite 210
4  Telephone No.: (702) 247-4LAW
   Facsimile No.: (702) 737-4LAW
5  Las Vegas, Nevada 89145
6  Attorneys for Plaintiff,
   Anita O'Brien
7
8                      DISTRICT COURT
9                  CLARK COUNTY, NEVADA
10  ANITA O'BRIEN, an individual;          Case No:    A583444
11                                         Dept. No:   XXIV
              Plaintiff,
12  vs.
13  AIRPORT TERMINAL SERVICES, INC. a      PLAINTIFF'S COMPLAINT
    foreign corporation; ROES and DOES I-X,   AGAINST DEFENDANT
14  inclusive,
15                                         (EXEMPT FROM ARBITRATION-
              Defendants.                  DECLARATORY/INJUNCTIVE RELIEF
16                                              REQUESTED)
17
          Plaintiff Anita O'Brien (hereinafter referred to as "Plaintiff"), by and through her attorney
18
    Sharon L. Nelson., hereby alleges and complains against Airport Terminal Services, Inc.
19
20  (hereinafter referred to as "Defendant"), as follows:
21                          GENERAL ALLEGATIONS
22       1.      That at all times relevant herein, Plaintiff has been a resident of Clark County, State
23  of Nevada.
24       2.      That at all times relevant herein, Defendant has been a resident of Clark County,
25
26  State of Nevada, operating and licensed to operate a business in Clark County, State of Nevada.
27       3.      That all incidents giving rise to this suit occurred in Clark County, State of Nevada.
28

                              Page 1 of 7

4.     That at all times relevant herein, Plaintiff was employed by Defendant as an HR Generalist.

5.     Plaintiff was terminated in November of 2008 because Defendant alleged she could not get along with co-workers.

6.     The true names and capacities, whether individual, corporate or other business entity, of Defendants DOES I-X and ROE corporation I-X are unknown to Plaintiff.  Plaintiff is informed and believes and therefore alleges that the Defendant designated herein DOES I-X and ROE corporation I-X were responsible in some manner for the events and happenings herein referred to and carelessly, recklessly, willfully, and/or wantonly caused damages proximately thereby to the Plaintiff as alleged herein.   Plaintiff will petition this Court to amend this Complaint to insert the true names of each party designated as Doe and/or Roe Defendant when said parties are ascertained.

7.     During the course of Plaintiff's employment and continuing through the date of Plaintiff's termination, Plaintiff was treated in a disparate manner and differently than similarly situated males.

8.     For example, Plaintiff's male supervisor told her to quit being a "drama queen;" refusing to provide feedback on employee relation issues; refusing to provide answers to concerns raised in employee meetings; refusing to communicate with Plaintiff regarding terminations and other issues; leaving Plaintiff at meeting locations (after transporting her there).

9.     As a result of this disparate treatment, Plaintiff and other female employees lost the opportunity to advance or further their careers and were foreclosed from participating in business discussions, plans and other ventures in which males were allowed to participate.

10.     Plaintiff filed a charge with the EEOC in December of 2008.

11.    Plaintiff received her Right to Sue in February of 2009 and thus has satisfied all administrative prerequisites.

## FIRST CAUSE OF ACTION
### (Gender Discrimination in Violation of Title VII and NRS 613.330)

12.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-11 by this reference the same as though fully set forth herein.

13.    As a female, Plaintiff is a member of a protected class.

14.    Plaintiff had the qualifications necessary to adequately perform for her job duties.

15.    Plaintiff was performing her job duties according to her employer's legitimate expectations.

16.    Plaintiff did not receive treatment, promotions or work hours in the same or similar manner that her male co-workers received them.

17.    Plaintiff was treated differently because of her gender.

18.    As a result of Defendant's conduct, Plaintiff is entitled damages in an amount in excess of $10,000.00.

19.    Additionally, the conduct of Defendant has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII and NRS 613.330)

20.    Plaintiff repeats and re-alleges paragraphs 1-19 by this reference the same as though fully set forth herein.

21.    Plaintiff complained to her employer about sexual harassment and gender discrimination in writing in November of 2008.

Page 3 of 7

22.    After Plaintiff's complaints, within less than a week, she was terminated.

23.    The adverse conduct in which Defendant and its employees engaged towards Plaintiff was a direct result of her complaints.

24.    The treatment to which Plaintiff was subjected was retaliatory in violation of Title VII and NRS 613.330.

25.    Plaintiff has suffered and will continue to suffer irreparable injury caused by the conduct of Defendant and its employees.

26.    As a direct and proximate result of the conduct of Defendant and its employees, Plaintiff has been damaged in a sum in excess of $10,000.00.

27.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages with respect to her Title VII claim.

### THIRD CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress)

28.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-26 by this reference the same as though fully set forth herein.

29.    Defendant's above described behavior towards Plaintiff was intentional, extreme and outrageous and has caused Plaintiff severe emotional distress.

30.    The actions of Defendant were outrageous and intentional and done with malice and reckless disregard of the likelihood of causing Plaintiff to suffer severe emotional distress.

31.    As a result, Plaintiff was subjected to fear, shock, fright, anxiety and humiliation and other forms of emotional distress.

32.    As a direct and proximate result of the intentional infliction of emotional distressful acts of Defendant, Plaintiff has experienced severe emotional distress and is entitled to damages in excess of $10,000.00.

33.    Additionally, the conduct of Defendant has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

34.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-33 by this reference the same as though fully set forth herein.

35.    Defendant owed a duty to Plaintiff to use reasonable and prudent care to avoid extreme and outrageous conduct that would cause Plaintiff emotional distress.

36.    Defendant and its agents, servants and employees breached this duty to Plaintiff.

37.    As a direct and foreseeable result of Defendant and its agents, servants and employees' breach, Plaintiff has suffered severe emotional distress and has incurred and will continue to incur emotional and physical pain, suffering, and distress, and the costs of health care.

38.    Plaintiff's claims herein, did not arise from the course and scope of her employment because there is no causal connection between Plaintiff's complained of injuries and the nature of her work while employed by Defendant.

39.    As a result of Defendant's conduct, Plaintiff is entitled damages in an amount in excess of $10,000.00.

//

//

### FIFTH CAUSE OF ACTION
#### (Negligent Hiring, Training and Supervision)

40.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-39 by this reference the same as though fully set forth herein.

41.    Defendant has a duty to properly hire, train and supervise its employees.

42.    Defendant's duty to properly hire, train and supervise extends to all persons, including Plaintiff, in its employ.

43.    Defendant failed to properly hire, train and supervise its agents, servants or employees herein.

44.    As a direct and proximate result of the breach of said duty, Defendant's agents, servants or employees' conduct against Plaintiff unlawfully and willfully subjected Plaintiff to discriminatory treatment and retaliation in violation of Federal Law.

45.    As a result of Defendant's conduct, Plaintiff is entitled damages in an amount in excess of $10,000.00.

### SIXTH CAUSE OF ACTION
#### (Injunctive and Declaratory Relief)

46.    Plaintiff incorporates paragraphs 1-45 by this reference the same as though fully set forth herein.

47.    Defendant's continued violations of the State and Federal Constitutions require equitable relief to prevent further harm.

48.    Plaintiff requests that Defendant be enjoined from any further violations of the Constitution or her civil rights.

49.    Furthermore, Plaintiff requests that this Court declare Defendant's conduct violative of the laws identified in this Complaint and declare Defendant's conduct a violation of state and federal law.

**WHEREFORE,** Plaintiff prays for judgment in her favor against Defendant as follows:

(1)    For general damages for injury, pain and suffering;

(2)    For special damages;

(3)    For wages, salary, employment benefits and other compensation denied or lost in an amount according to proof;

(4)    For interest calculated at the prevailing rate;

(5)    For liquidated damages if appropriate;

(6)    For equitable relief;

(7)    For punitive and exemplary damages on claims warranting such damages;

(8)    Reasonable attorney's fees and cost of suit incurred herein;

(9)    For such other and further relief as the Court deems just and proper.

DATED this _23_ day of February 2009.

NELSON LAW

SHARON L. NELSON
Nevada Bar No. 006433
401 N. Buffalo, Suite 210
Las Vegas, Nevada  89145
Attorneys for Plaintiff

COPY

FILED

2009 FEB 24 P 5:01

DMND
SHARON L. NELSON
Nevada Bar No. 6433
NELSON LAW
401 N. Buffalo Drive, Suite 210
Las Vegas, Nevada 89145
Telephone:    (702) 247-4529
Facsimile:    (702) 737-4529
Attorneys for Plaintiff,
Anita O'Brien

## DISTRICT COURT

## CLARK COUNTY, NEVADA

ANITA O'BRIEN, an individual;          CASE NO.: A583444

            Plaintiff,                 DEPT NO.: XXIV

vs.

AIRPORT TERMINAL SERVICES, INC. a      PLAINTIFF'S DEMAND FOR JURY TRIAL
foreign corporation; ROES and DOES I-X,
inclusive,

            Defendants.

        Plaintiff Anita O'Brien by and through her counsel, Nelson Law, hereby demands trial of this

matter by jury.

        DATED this _23_ day of February 2009.

                                NELSON LAW

                                SHARON L. NELSON
                                Nevada Bar No. 6433
                                401 N. Buffalo, Suite 210
                                Las Vegas, Nevada 89145
                                Attorneys for Plaintiff

Page 1 of 1