SUZANNE L. MARTIN, ESQ.
Nevada Bar No. 8833
smartin@lrlaw.com
CHRISTIAN ZINN, ESQ.
Nevada Bar No. 9730
czinn@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
(702) 949-8200
(702) 216-6206 (fax)

Attorneys for Defendant Airport Terminal Services, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANITA O'BRIEN, an individual,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>AIRPORT TERMINAL SERVICES, INC., a foreign corporation; ROES and DOES I-X, inclusive,<br><br>　　　　　　　　Defendants. | **ANSWER**<br><br>Case No.: 2:09-cv-609 |

　　　COMES NOW Defendant Airport Terminal Services, Inc. ("ATS"), by and through its attorneys Lewis and Roca LLP, and hereby files this Answer to Plaintiff Anita O'Brien's ("Plaintiff") Complaint, and answers and affirmatively defends as follows:

### GENERAL ALLEGATIONS

　　　1.　　Answering paragraph 1 of the Complaint, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

　　　2.　　Answering paragraph 2 of the Complaint, Defendant admits that it is registered as a foreign corporation with the State of Nevada, and that it is duly licensed to operate a business in Clark County, Nevada. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

/ / /

3. Answering paragraph 3 of the Complaint, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

4. Answering paragraph 4 of the Complaint, Defendant admits that it employed Plaintiff as a HR Generalist at its Las Vegas facility from on or about July 23, 2007, until on or about November 12, 2008. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Defendant admits that it terminated Plaintiff's employment on or about November 12, 2008. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, the allegations contained therein are statements of intent to which no response is required. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

7. Answering paragraph 7 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

9. Answering paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

10. Answering paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

11. Answering paragraph 11 of the Complaint, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations. Nevertheless, Defendant admits that Plaintiff received a notice or Right to Sue, which notice speaks for itself and Defendant denies any

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

473191.1

inconsistent characterization of the same.

## FIRST CAUSE OF ACTION

### (Gender Discrimination in Violation of Title VII and NRS 613.330)

12. Answering paragraph 12 of the Complaint, Defendant adopts and incorporates its answers to Paragraphs 1-11 of the Complaint, and incorporates the same by reference as if set forth fully herein.

13. Answering paragraph 13 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant admits that Plaintiff is a female.

14. Answering paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

15. Answering paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

16. Answering paragraph 16 of the Complaint, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

17. Answering paragraph 17 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein.

18. Answering paragraph 18 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any of the requested relief.

19. Answering paragraph 19 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any of the requested relief.

/ / /

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of Title VII and NRS 613.330)

20. Answering paragraph 20 of the Complaint, Defendant adopts and incorporates its answers to Paragraphs 1-19 of the Complaint, and incorporates the same by reference as if set forth fully herein.

21. Answering paragraph 21 of the Complaint, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations. Regarding the writing referred to therein, the writing speaks for itself and Defendant denies any inconsistent characterization of the same.

22. Answering paragraph 22 of the Complaint, Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

23. Answering paragraph 23 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies that it engaged in adverse conduct towards Plaintiff. Defendant states it is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 of the Complaint, and on that basis denies said remaining allegations.

24. Answering paragraph 24 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein.

25. Answering paragraph 25 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein.

26. Answering paragraph 26 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any of the requested relief.

/ / /

27. Answering paragraph 27 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any of the requested relief.

### THIRD CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

28. Answering paragraph 28 of the Complaint, Defendant adopts and incorporates its answers to Paragraphs 1-27 of the Complaint, and incorporates the same by reference as if set forth fully herein.

29. Answering paragraph 29 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein.

30. Answering paragraph 30 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

31. Answering paragraph 31 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

32. Answering paragraph 32 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any of the requested relief.

33. Answering paragraph 33 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any of the requested relief.

/ / /

/ / /

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

473191.1

# FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

34. Answering paragraph 34 of the Complaint, Defendant adopts and incorporates its answers to Paragraphs 1-33 of the Complaint, and incorporates the same by reference as if set forth fully herein.

35. Answering paragraph 35 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary.

36. Answering paragraph 36 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein.

37. Answering paragraph 37 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

38. Answering paragraph 38 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained therein, and on that basis denies said allegations.

39. Answering paragraph 39 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any of the requested relief.

# FIFTH CAUSE OF ACTION

### (Negligent Hiring, Training and Supervision)

40. Answering paragraph 40 of the Complaint, Defendant adopts and incorporates its answers to Paragraphs 1-39 of the Complaint, and incorporates the same by reference as if set forth fully herein.

41. Answering paragraph 41 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary.

42. Answering paragraph 42 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary.

43. Answering paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44. Answering paragraph 44 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein.

45. Answering paragraph 45 of the Complaint, Defendant states that it contains a legal conclusion to which no answer or response is necessary. Nevertheless, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to the requested relief.

## SIXTH CAUSE OF ACTION

**(Injunction and Declaratory Relief)**

46. Answering paragraph 46 of the Complaint, Defendant adopts and incorporates its answers to Paragraphs 1-45 of the Complaint, and incorporates the same by reference as if set forth fully herein.

47. Answering paragraph 47 of the Complaint, Defendant denies that it has, is, or continues to violate the Constitutions of the State of Nevada and the United States. Defendant denies the remaining allegations contained in paragraph 47 of the Complaint.

48. Answering paragraph 48 of the Complaint, Defendant admits that Plaintiff is requesting relief in said paragraph. Defendant denies the remaining allegations contained in paragraph 48 of the Complaint.

49. Answering paragraph 49 of the Complaint, Defendant admits that Plaintiff is requesting relief in said paragraph. Defendant denies the remaining allegations contained in paragraph 48 of the Complaint.

50. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraphs 1-9 following paragraph 49 of the Complaint.

/ / /

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and avoidable consequences.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her purported damages if any, and to the extent of that failure to mitigate, her claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies prior to filing the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims and theories of harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), were not timely filed with the Nevada Equal Rights Commission and/or the Equal Employment Opportunity Commission, Plaintiff's claims and theories of harassment, discrimination and retaliation are barred by the applicable statute of limitations and/or Defendant is not liable for the alleged harassment, discrimination and retaliation.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims and theories of harassment, discrimination and retaliation in violation of Title VII are beyond the scope of the allegations contained in Plaintiff's charge of discrimination and/or the investigation conducted by the Nevada Equal Rights Commission and/or the Equal Employment Opportunity Commission, Plaintiff's claims and theories of harassment, discrimination and retaliation are barred because Plaintiff has failed to adequately exhaust her administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Defendant exercised reasonable care to prevent and correct promptly any discrimination and harassment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Defendant took prompt remedial action to stop the alleged harassment and the harassment actually stopped.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because Defendant's actions were based on legitimate, non-discriminatory business reasons, and were based upon reasonable factors other than the discrimination and/or retaliation alleged by Plaintiff, or Plaintiff's opposition thereto.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because Defendant's actions were not motivated in whole, or in part, by any of the alleged discrimination and/or retaliation alleged by Plaintiff, or Plaintiff's opposition thereto.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's actions were based on non-pre-textual reasons other than the discrimination and/or retaliation alleged by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant did not authorize, direct, or participate in any alleged harassing, discriminatory and/or retaliatory conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent distinctions were made between Plaintiff and other employees, all such distinctions were based upon reasonable and legitimate non-discriminatory factors other than the discrimination and/or retaliation alleged by Plaintiff, and/or Plaintiff's opposition thereto.

///

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent distinctions were made between Plaintiff and other employees, no such distinctions were motivated in whole or in part by the alleged discrimination, retaliation and/or harassment alleged by Plaintiff, and/or Plaintiff's opposition thereto.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The alleged harassing, discriminatory and retaliatory conduct of Defendant's employees, if any, were all undertaken outside the scope of their agency and/or employment with the Defendant and without the knowledge or consent of the Defendant; the Defendant therefore may not be held liable for the same.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages for physical, mental or emotional injuries are barred by N.R.S. 41.745.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages for physical, mental or emotional injuries are barred by the exclusive remedies provisions of Nevada's Industrial Insurance Act.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, is barred in whole or in part because Defendant would have taken the same action with regard to Plaintiff's employment in the absence of discrimination and/or retaliation.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks exemplary or punitive damages, such damages are unconstitutional under the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and constitute an excessive penalty or fine in violation of the Eighth Amendment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks exemplary or punitive damages, such damages are barred because Plaintiff has failed to plead these claims with the requisite particularity.

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, such symptoms were the result of a pre-existing disorder or alternative cause, and not the result of any act or omission of the Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims that she was subjected to harassment or discrimination based on alleged verbal comments, any such claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment of the United States Constitution.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

DATED this 1st day of April, 2009.

LEWIS AND ROCA LLP

BY: /s/Suzanne L. Martin
SUZANNE L. MARTIN, ESQ.
Nevada Bar No. 8833
smartin@lrlaw.com
CHRISTIAN ZINN, ESQ.
Nevada Bar No. 9730
czinn@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
(702) 949-8200
(702) 216-6206 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

Pursuant to Nev. R. Civ. P. 5(b), I hereby further certify that service of **ANSWER** was made this date by depositing a copy for mailing, first-class mail, postage prepaid, to the following:

Sharon L. Nelson, Esq.
Nelson Law
401 N. Buffalo, Suite 210
Las Vegas, Nevada 89145
Attorney for Plaintiff

/s/Laura Sliwinski
An Employee of Lewis and Roca LLP